[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 6, 1989 at Milford, Connecticut. Both parties have resided continuously in this State since that time. There is one minor child issue of the marriage: Marissa Lee Bacon, born April 2, 1993.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-51, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decision reflected in the orders that follow.
The plaintiff is aged 25 and in good health. She is presently gainfully employed and has been gainfully employed throughout this seven year marriage.
The defendant is aged 30 and also in good health. Throughout the marriage the defendant worked two jobs. He has an earning ability of approximately $50,000. To $60,000. Per year. The defendant lost his job sometime in February/March 1996. Because of the loss of his motor vehicle he has been unable to work a second job. Unfortunately, the defendant's unemployment benefits have been slow in coming causing a substantial arrearage to build up. The defendant stopped contributing to the plaintiff's support in October 1995. Both pieces of real estate owned by the parties are now in foreclosure. There appears to be no equity in either piece of real estate.
A review of the evidence presented would serve no useful CT Page 4492 purpose. Unfortunately, the parties were unable to resolve their marital difficulties. The Court declines to assess fault to either party for the breakdown of the marriage.
The following orders shall enter:
REAL ESTATE
A. The plaintiff shall be entitled to have exclusive possession of the marital home located at 7 Linda Street, West Haven, Connecticut. As indicated, this property is under foreclosure. The parties shall equally share any net profits or any losses in connection with this property.
B. The parties also own a condo located at 89 Coleman Street, Unit #115, West Haven, Connecticut. This property also has negative equity and is under foreclosure. This property is presently rented and generates approximately $700. per month in rent.
The plaintiff shall be entitled to continue to collect the rent of this Unit. The plaintiff shall be entitled to keep the first $500. in rental income and the remaining amount shall be paid to the defendant.
Upon the sale or transfer of the condo, the parties shall share equally the net profit or losses.
ALIMONY
The defendant shall pay to the plaintiff as periodic alimony the sum of $1. Per year for a period of four years, or the defendant's death, the plaintiff's death or her remarriage, whichever event shall first occur. In four years the minor child will be in school on a full time basis and the plaintiff will have an opportunity to further her working skills and to better establish herself in the business world.
CUSTODY
1. There shall be joint custody of the minor child with the plaintiff to have physical custody.
2. The defendant shall have reasonable rights of visitation to include Saturdays from 12:00 P.M. to 6:00 P.M. and Thursdays CT Page 4493 from 5:30 P.M. to 7:30 P.M.
3. The defendant shall be entitled to have the minor child on Sunday June 16th, Father's Day, from 12:00 P.M. to 6:00 P.M. in lieu of the Saturday visitation.
4. The parties are referred to Family Relations to mediate a holiday and vacation schedule for visitation.
5. The defendant is ordered to sign up for the Parenting Education Program within 30 days of date. The fees are waived for the defendant.
CHILD SUPPORT
1. The defendant shall pay to the plaintiff as child support the sum of $71. per week based on his anticipated income from unemployment.
2. The defendant shall notify the plaintiff immediately, within 48 hours, when he obtains employment and returns to work.
3. An immediate withholding is ordered.
PERSONAL PROPERTY
1. The defendant shall be entitled to the 1993 Pontiac Grand Am, his motor cycle, his personal clothing and his tools.
2. The defendant shall be entitled to one VCR and his 2 dressers which were from his Aunt.
3. The plaintiff shall be entitled to all the rest and remainder of the furniture and furnishings contained in the marital home.
4. The plaintiff shall continue to be responsible for the lease on her 1995 Honda Civic.
MEDICAL INSURANCE
1. The defendant shall provide medical insurance coverage for the benefit of the minor child, as is available to him at reasonable cost, through his employment. Any unreimbursed Medical, dental, hospital and/or prescriptions expenses shall be CT Page 4494 equally divided between the parties.
2. Section 46b-84(c) is ordered to facilitate the payment of the medical expenses by the Insurance Company.
PENSION
1. The plaintiff shall be entitled to 50% of the Defendant's Pension/Retirement plan and/or 401(k) Plan, as of the date of this dissolution.
2. The Court shall retain jurisdiction for purposes of approving a QDRO to secure this order.
DEBTS
1. Each party shall be responsible for the debts as shown in their respective financial affidavits.
2. In the event the defendant files Bankruptcy, this shall not be considered to be a change in circumstances.
3. The defendant shall hold the plaintiff harmless from any liability in connection with the repairs to the Pontiac motor vehicle and the outstanding loan thereon.
ARREARAGE
1. The Court finds an arrearage of $3747.
2. Upon the defendant's obtaining employment and returning to work, this arrearage shall be paid at the rate of $25. per week. This order shall be modifiable.
3. The defendant claims he has not received the two checks totalling $400. from the plaintiff. The plaintiff shall put a "stop payment" on these checks and reissue a new check, through her attorney. Any cost for the "stop payment" shall be borne by the defendant and shall be deducted from the next rental check due the defendant.
LIFE INSURANCE
The defendant shall name the minor child as irrevocable beneficiary on any life insurance he has available through his CT Page 4495 employment and/or is in effect at this time, in an amount not to exceed $100,000.(One-Hundred-Thousand Dollars).
COPPETO, J.